IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACY SHEPARD,

        Plaintiff,

vs.                                        Case No. 14-1059-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the
conclusion.  The determination of whether substantial evidence
supports the Commissioner's decision is not simply a
quantitative exercise, for evidence is not substantial if it is
overwhelmed by other evidence or if it really constitutes mere
conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).
Although the court is not to reweigh the evidence, the findings
of the Commissioner will not be mechanically accepted.  Nor will
the findings be affirmed by isolating facts and labeling them
substantial evidence, as the court must scrutinize the entire
record in determining whether the Commissioner's conclusions are
rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan.
1992).  The court should examine the record as a whole,
including whatever in the record fairly detracts from the weight
of the Commissioner's decision and, on that basis, determine if
the substantiality of the evidence test has been met.  Glenn, 21
F.3d at 984.

     The Social Security Act provides that an individual shall
be determined to be under a disability only if the claimant can
establish that they have a physical or mental impairment
expected to result in death or last for a continuous period of
twelve months which prevents the claimant from engaging in
substantial gainful activity (SGA).  The claimant's physical or
mental impairment or impairments must be of such severity that

2

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

3

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On March 24, 2010, administrative law judge (ALJ) Christine A. Cooke issued her 1st decision, finding plaintiff not disabled (R. at 165-171). On November 17, 2010, the Appeals Council remanded the case back to the ALJ for further hearing (R. at 181-186). On July 21, 2012, ALJ Cooke issued her second

4

decision (R. at 11-46).  Plaintiff alleges that she had been
disabled since April 20, 2006 (R. at 11).  Plaintiff meets the
insured status requirements for social security disability
benefits through December 31, 2011 (R. at 13).  At step one, the
ALJ found that plaintiff did not engage in substantial gainful
activity after the alleged onset date (R. at 16).  At step two,
the ALJ found that plaintiff had severe impairments of cervical
degenerative disc disease; right shoulder disorder, status post
arthroscopy and partial acromionectomy on August 24, 2007, and
status post arthroscopic bursectomy on September 30, 2009;
obesity; asthma/COPD; and seizure disorder (R. at 16).  At step
three, the ALJ determined that plaintiff's impairments do not
meet or equal a listed impairment (R. at 29).  After determining
plaintiff's RFC (R. at 31), the ALJ determined at step four that
plaintiff was unable to perform past relevant work (R. at 44).
At step five, the ALJ found that plaintiff can perform other
jobs that exist in significant numbers in the national economy
(R. at 45).  Therefore, the ALJ concluded that plaintiff was not
disabled (R. at 46).

**III.  Did the ALJ err in her analysis of the medical source
opinions?**

     The opinions of physicians, psychologists, or psychiatrists
who have seen a claimant over a period of time for purposes of
treatment are given more weight than the views of consulting

physicians or those who only review the medical records and
never examine the claimant.  The opinion of an examining
physician is generally entitled to less weight than that of a
treating physician, and the opinion of an agency physician who
has never seen the claimant is entitled to the least weight of
all.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).
When a treating source opinion is inconsistent with the other
medical evidence, the ALJ's task is to examine the other medical
source's reports to see if they outweigh the treating source's
reports, not the other way around.  Treating source opinions are
given particular weight because of their unique perspective to
the medical evidence that cannot be obtained from the objective
medical findings alone or from reports of individual
examinations, such as consultative examinations.  If an ALJ
intends to rely on a nontreating physician or examiner's
opinion, he must explain the weight he is giving to it.  Hamlin
v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must
provide a legally sufficient explanation for rejecting the
opinion of treating medical sources in favor of non-examining or
consulting medical sources.  Robinson, 366 F.3d at 1084.

A treating physician's opinion about the nature and
severity of the claimant's impairments should be given
controlling weight by the Commissioner if well supported by
clinical and laboratory diagnostic techniques and if it is not

inconsistent with other substantial evidence in the record. Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).  A treating source opinion not entitled to controlling weight is still entitled to deference and must be weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of examination;
(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
(3) the degree to which the physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

     After considering the above factors, the ALJ must give good reasons in his/her decision for the weight he/she ultimately assigns the opinion.  If the ALJ rejects the opinion completely, he/she must then give specific, legitimate reasons for doing so. Watkins, 350 F.3d at 1301.

The ALJ found that plaintiff had an RFC for light work, she can sit, stand, or walk for 6 hours in an 8 hour workday, and can lift, carry, push or pull 10 pounds frequently and 20 pounds occasionally.  She cannot engage in any activity above shoulder level with the right upper extremity, and can never climb ropes, ladders or scaffolding.  She can occasionally climb stairs, ramps and can stoop(bend).  She cannot kneel, crouch or crawl. She must avoid extreme heat/cold.  She should never be exposed to wetness, humidity, or noxious odors or dust.  She must avoid occupational hazards, such as dangerous machinery and unprotected heights.  She can never drive.  Due to side effects of her medications, plaintiff should never be expected to understand, remember or carry out detailed instructions.  Her job duties must be simple, repetitive, and routine in nature. Her duties should never require that she interact with the public (R. at 31).

The ALJ decision discusses 35 medical source opinions in chronological order; the discussion includes categorical discussions of the opinions by group, and individual discussion of each opinion (R. at 34-43).  Plaintiff argues that the ALJ's findings regarding the medical opinions failed to resolve inconsistencies and made conclusions that do not support the RFC assessment.  Plaintiff also asserts that the ALJ failed to weigh

each opinion in relation to the record as a whole (Doc. 11 at 21-28).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

Admittedly, the ALJ decision is not a model of clarity regarding the relative weight given to each opinion, especially in light of the fact that the ALJ discussed some of the opinions by group.  However, given the large number of medical opinions, 35, the court commends the ALJ for a detailed (R. at 34-43) discussion of the medical opinions.

As noted above, the ALJ limited plaintiff to light work, with various other postural, environmental and mental limitations.  This finding is in accordance with a very detailed functional capacity evaluation conducted in July 2006, which found that plaintiff could perform light work, exerting 20 pounds of force occasionally and 10 pounds frequently (R. at 2018-2029).  This report noted that plaintiff gave an inconsistent effort and self-limited, indicating that maximal effort was not achieved.  Validity checks indicated less than maximal effort was demonstrated by the plaintiff during the testing (R. at 2018).  The ALJ accorded great weight to this opinion to the extent that it allowed for a limited range of light work (R. at 35-36).

On February 22, 2010, Dr. Greiner, plaintiff's treating physician, filled out a medical source statement-physical, opining that plaintiff can lift 10 pounds occasionally and 5 pounds frequently.  She can push/pull not more than 25 pounds. Plaintiff can sit, and stand/walk for 8 hours in an 8 hour workday.  She cannot crawl, and she must avoid concentrated exposure to numerous environmental factors (R. at 1253-1254). The ALJ accorded some weight to this opinion, except that the ALJ gave greater weight to the opinions of Dr. Stechschulte that plaintiff could perform light work (R. at 39-40).  Dr. Stechschulte opined on January 22, 2010 that plaintiff could

perform light work with no overhead work or lifting with the right upper extremity (R. at 1210-1212).  Dr. Stechschulte had similarly limited plaintiff to light work with no overhead work or lifting on August 26, 2008 and June 26, 2008 (R. at 1225, 1228).[1]

The court will not reweigh the evidence.  The conclusions of the ALJ regarding the relative weight accorded to the medical opinion evidence are reasonable, and the ALJ's RFC findings are supported by substantial evidence.  Although the court has some concerns regarding the ALJ's discussion of the relative weight accorded to some of the 35 opinions, the court finds that the balance of the ALJ's analysis of the medical opinion evidence is supported by substantial evidence.  See Barnum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)(while the court had some concerns about the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain household chores, the court concluded that the balance of the ALJ's credibility analysis was supported by substantial evidence in the record).

**IV.  Did the ALJ err in her evaluation of plaintiff's headaches, and their impact on plaintiff's ability to work?**

---

[1] Dr. Stechschulte had indicated in June 2008 that plaintiff would need to alternate sitting/standing for pain control, but that restriction did not appear in August 2008 or in 2010.  In 2008, Dr. Stechschulte had limited plaintiff to no repetitive use or no repetitive pushing/pulling, but those restrictions were not listed in 2010 (R. at 1228, 1225, 1210).

At step two, the ALJ did not list plaintiff's headaches as
a severe impairment (R. at 16).  Later, the ALJ discussed at
length plaintiff's headaches, nausea and narcotics dependence
(R. at 24-29).  The ALJ found that the weight of the medical
evidence regarding plaintiff's headaches and nausea/vomiting is
that they are side effects of overmedication with narcotics (R.
at 29).  In making her RFC findings, the ALJ stated that
mentally, due to side effects caused by her medications,
plaintiff should never be expected to understand, remember, or
carry out detailed instructions.  Her job duties must be simple,
repetitive, and routine in nature.  Her duties should never
require that she interact with the public (R. at 31).

Even though the ALJ did not make a finding as to whether
plaintiff's headaches were a severe impairment at step two, it
is not reversible error if the ALJ fails to list all the severe
impairments at step two.  In Brescia v. Astrue, 287 Fed. Appx.
626, 628-629 (10th Cir. July 8, 2008), the claimant argued that
the ALJ improperly determined that several of her impairments
did not qualify as severe impairments.  The court held that once
an ALJ has found that plaintiff has at least one severe
impairment, a failure to designate another as "severe" at step
two does not constitute reversible error because, under the
regulations, the agency at later steps considers the combined
effect of all of the claimant's impairments without regard to

whether any such impairment, if considered separately, would be of sufficient severity.  In <u>Hill v. Astrue</u>, 289 Fed. Appx. 289, 291-292 (10th Cir. Aug. 12, 2008), the court held that once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two.  The ALJ's failure to find that additional alleged impairments are also severe is not in itself cause for reversal.  However, the ALJ, in determining plaintiff's RFC, must consider the effects of all of the claimant's medically determinable impairments, both those he deems "severe" and those "not severe."

The ALJ discussed in some detail the medical evidence regarding plaintiff's headaches and found that they are side effects of overmedication with narcotics.  In making RFC findings, the ALJ, due to side effects caused by medication, imposed some mental limitations.  Thus, it is clear that the ALJ considered plaintiff's headaches when making the RFC findings.

Furthermore, plaintiff has failed to point to any evidence in the record indicating that plaintiff's headaches resulted in limitations not included in the ALJ's RFC findings.  In the case of <u>Arles v. Astrue</u>, 438 Fed. Appx. 735, 740 (10th Cir. Sept. 28, 2011), plaintiff asserted that the ALJ failed to include his obesity in his RFC determination.  In his decision, the ALJ stated that plaintiff's obesity was evaluated under the criteria set forth in SSR 02-1p.  The court found that the claimant did

not discuss or cite to any evidence showing that obesity further limited his ability to perform a restricted range of sedentary work.  The court held that the ALJ's decision provided an adequate explanation of the effect of obesity on plaintiff's RFC.  In the case before this court, the court finds that the ALJ's decision provides an adequate explanation of the effect of obesity on plaintiff's RFC.

## V.  Are the ALJ's credibility findings supported by substantial evidence?

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler.  White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel,

206 F.3d 1368, 1372 (10th Cir. 2000).  Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002).  An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why.  McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible.  Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as

adequate to support a conclusion).  The court can only review
the sufficiency of the evidence.  Although the evidence may
support a contrary finding, the court cannot displace the
agency's choice between two fairly conflicting views, even
though the court may have justifiably made a different choice
had the matter been before it de novo.  Oldham v. Astrue, 509
F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ decision extensively discussed plaintiff's
testimony (R. at 32-34), third-party statements (R. at 34),
medical opinion evidence (R. at 34-43), and plaintiff's
credibility (R. at 43-44).  The ALJ noted the functional
capacity evaluation (FCE) in July 2006 found that plaintiff gave
an inconsistent effort and self-limited.  Furthermore, the FCE
indicated that validity checks showed less than maximal effort
was demonstrated by plaintiff during the testing (R. at 2018).
On December 4, 2007, Dr. Moore opined that a number of problems
during testing pointed to "some pretty significant symptom
magnification" (R. at 848).  These findings provide support for
not finding plaintiff fully credible.  The ALJ discussed in
detail the medical evidence, and made RFC findings supported by
substantial evidence, including medical opinion evidence.  The
court will not reweigh the evidence.  The court finds that the
balance of the ALJ's credibility analysis is supported by

substantial evidence.  <u>See</u> <u>Barnum v. Barnhart</u>, 385 F.3d 1268,

1274 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the

Commissioner is affirmed pursuant to sentence four of 42 U.S.C.

§ 405(g).

Dated this 31st day of March 2015, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge